[The State, ex rel.] Wiggins et al., Appellees, *v.* Barnes, Director, et al., Appellants.

[Cite as State, ex rel. Wiggins, *v.* Barnes (1991), 57 Ohio St. 3d 45.]

(No. 90-193—Submitted October 23, 1990—Decided January 16, 1991.)

*Stanley A. Hirtle,* for appellees.

*Anthony J. Celebrezze, Jr.,* attorney general, *Robert L. Griffin* and *Cheryl F. Jorgensen,* for appellants.

*Per Curiam.* R.C. 5145.16 empowers the Department of Rehabilitation and Correction to establish a program to employ as many prisoners as possible. According to division (A) of the statute: "* * * The employment may be in the department's manufacturing and service industries and agriculture, *in private industry or agriculture that is located within or outside the department's institutions,* in public works, in institutional jobs necessary for the proper maintenance and operation of the institutions under the control of the department, or in any other appropriate form of labor. * * *" (Emphasis added.)

Under division (C) of the statute the department may contract with private industry to establish manufacturing and service industries within or near institutions and may contract with private industry to employ the department's prisoners. Under Ohio Adm. Code 5120-3-01, the Director of Rehabilitation and Correction appoints a prison employment committee, which must actively pursue employment for the inmates. This rule names

OPI as the department's contracting arm.

Ohio Adm. Code 5120-3-10 states:

"(A) The department of rehabilitation and correction may enter into contracts with the state of Ohio and/or its political subdivisions, any other state and/or its political subdivisions, the United States or private persons which promote the employment of inmates.

"(B) Contracts entered into pursuant to this rule shall:

"* * *

"(4) Be administered by Ohio penal industries with the advice and approval of the institution managing officer.

"* * *

"(D) Compensation:

"(1) Inmates assigned to a work program under any governmental contract shall be compensated in accordance with rule 5120-3-02 of the Ohio Adm. Code.

"(2) Inmates assigned to a work program under any private person contract shall be compensated in accordance with rule 5120-3-07 of the Ohio Adm. Code."

Ohio Adm. Code 5120-3-02, applying to governmental contracts, creates seven categories and pays inmates between zero and twenty-four dollars per month. Ohio Adm. Code 5120-3-07, on the other hand, provides:

"(A) Inmates working in approved work release, work furlough programs or private persons contracts, shall be paid by the employer at a rate mutually agreed upon by the department of rehabilitation and correction and the employer.

"* * *

"(C) Distribution of net earnings:

"(1) Reimbursement to the state shall be at the average *per diem* costs of all institutions of the department of rehabilitation and correction or twenty-five percent of net earnings, whichever is less. *Per diem* cost shall be the average *per diem* cost for the preceding fiscal year as computed by the division of business administration and shall be effective each September first.

"(2) Up to twenty-five percent of the net earnings may be used for restitution to the victim(s) of the inmate's offenses, if the inmate voluntarily requests or is under court order to make restitution.

"(3) Up to twenty-five percent of net earnings may be provided to the verified dependents of the inmate.

"(4) Not less than twenty-five percent of net earnings shall be credited and paid to the inmate's personal account. * * *"

Appellants first argue that Wiggins and Stapleton should have sought a declaratory judgment rather than mandamus and, next, that Wiggins and Stapleton worked for OPI under a governmental contract, requiring payment under Ohio Adm. Code 5120-3-02. Wiggins and Stapleton respond, *seriatim*, that a declaratory judgment would not grant them total relief and that OPI assigned them to work under a private person contract, requiring payment under Ohio Adm. Code 5120-3-07. We agree with Wiggins and Stapleton.

Ohio Adm. Code 5120-3-10 authorizes contracts with governmental entities and with private persons. It requires payment of compensation under Ohio Adm. Code 5120-3-07 for inmates assigned to work under private person contracts. OPI assigned Wiggins and Stapleton to work under the contract with Weastec. Appellants concede that Weastec is a private person. Thus, Wiggins and Stapleton have a clear legal right to compensation under Ohio Adm. Code 5120-3-07.

R.C. 5145.16 requires the department to establish programs of this type to employ as many prisoners as possible, and, under division (B)(6), to

"[e]stablish an accounting system to administer and allocate the earnings of the prisoners * * *." This statute, together with the rules, imposes a clear legal duty on the department to pay Wiggins and Stapleton according to Ohio Adm. Code 5120-3-07.

Moreover, Wiggins and Stapleton have no plain and adequate remedy at law. Contrary to appellants' assertion on the declaratory judgment issue, Wiggins and Stapleton would need a mandatory injunction to require appellants to pay Wiggins and Stapleton what they request. Since declaratory judgment would not be a complete remedy without ancillary relief, we may grant the writ. *State, ex rel. Fenske,* v. *McGovern* (1984), 11 Ohio St. 3d 129, 11 OBR 426, 464 N.E. 2d 525, paragraph two of the syllabus.

Accordingly, since Wiggins and Stapleton have met all conditions for obtaining a writ of mandamus, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.