THE STATE EX REL. HUMPHREY, APPELLANT, *v.* JAGO, APPELLEE.

[Cite as *State ex rel. Humphrey v. Jago* (1996), 74 Ohio St.3d 675.]

(No. 95–2184—Submitted January 23, 1996—Decided March 1, 1996.)

---

*Paul M. Humphrey, pro se.*

*Betty D. Montgomery,* Attorney General, and *Todd R. Marti,* Assistant Attorney General, for appellee.

*Per Curiam.* We affirm the judgment of the court of appeals for the reasons stated in its opinion, *i.e.,* the inmate grievance procedure provided in Ohio Adm.Code 5120-9-31 constitutes an adequate legal remedy which must 'be exhausted prior to instituting a mandamus action regarding complaints and problems of inmates relating to the conditions of their incarceration. See *Karmasu v. Tate* (1992), 83 Ohio App.3d 199, 204, 614 N.E.2d 827, 830, fn. 5, citing *State ex rel. Burns v. Tate* (June 30, 1992), Scioto App. No. 2011, unreported, at 5, 1992 WL 154141.

As the court of appeals below noted, Humphrey's reliance on *Wiggins* is misplaced, since no argument was raised in that case as to the availability of Ohio Adm.Code 5120-9-31 as an adequate legal remedy. In addition, *Wiggins* was premised on a former version of an administrative rule that was not in effect at the time of Humphrey's pertinent employment in the prison refurbishing shop. *Ridenour v. Ohio Penal Industries* (Mar. 28, 1995), Franklin App. No. 94API10-1529, unreported, 1995 WL 141037.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.