[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 675.]

THE STATE EX REL. HUMPHREY, APPELLANT, *v.* JAGO, APPELLEE.

[Cite as *State ex rel. Humphrey v. Jago*, 1996-Ohio-94.]

*Mandamus to compel Ohio Penal Industries to pay relator additional compensation—Writ denied when adequate remedy at law available—Inmate grievance procedure provided in Ohio Adm.Code 5120-9-31 constitutes an adequate legal remedy which must be exhausted prior to instituting a mandamus action regarding complaints and problems of inmates relating to conditions of their incarceration.*

(No. 95-2184—Submitted January 23, 1996—Decided March 1, 1996.)

APPEAL from the Court of Appeals for Franklin County, No 95APD03-293.

_____

{¶ 1} Appellant, Paul M. Humphrey, filed a complaint in the Court of Appeals for Franklin County, alleging that as an inmate at the London Correctional Institute, he worked in the refurbishing shop for Ohio Penal Industries ("OPI"). According to Humphrey, he refurbished office panels for the Thomas Ruff Company. Humphrey requested a writ of mandamus compelling appellee, OPI Industry Manager Robin A. Jago, to pay him additional compensation for the work he performed for the Thomas Ruff Company. Humphrey had not pursued the inmate grievance procedure set forth in Ohio Adm. Code 5120-9-31 prior to instituting his action for an extraordinary writ.

{¶ 2} The court of appeals subsequently granted Jago's motion for summary judgment and denied the writ. The court of appeals held:

"Relator has not presented any evidence or argument to establish that the administrative grievance procedures available to him are inadequate to obtain the additional compensation which he seeks. [*State ex rel.*] *Wiggins* [*v. Barnes* (1991), 57 Ohio St.3d 45, 565 N.E.2d 598] is accordingly not controlling on this issue of

whether mandamus is unavailable because an adequate remedy at law is available to relator. We therefore find that relator cannot sustain an action in mandamus prior to exhausting his available administrative remedies under Ohio Adm. Code 5120-9-31."

{¶ 3} The cause is now before this court upon an appeal as of right.

_____

*Paul M. Humphrey, pro se.*

*Betty D. Montgomery*, Attorney General, and *Todd R. Marti*, Assistant Attorney General, for appellee.

_____

**Per Curiam.**

{¶ 4} We affirm the judgment of the court of appeals for the reasons stated in its opinion, *i.e.*, the inmate grievance procedure provided in Ohio Adm. Code 5120-9-31 constitutes an adequate legal remedy which must be exhausted prior to instituting a mandamus action regarding complaints and problems of inmates relating to the conditions of their incarceration. See *Karmasu v. Tate* (1992), 83 Ohio App.3d 199, 204, 614 N.E.2d 827, 830, fn. 5, citing *State ex rel. Burns v. Tate* (June 30, 1992), Scioto App. No. 2011, unreported, at 5, 1992 WL 154141.

{¶ 5} As the court of appeals below noted, Humphrey's reliance on *Wiggins* is misplaced, since no argument was raised in that case as to the availability of Ohio Adm. Code 5120-9-31 as an adequate legal remedy. In addition, *Wiggins* was premised on a former version of an administrative rule that was not in effect at the time of Humphrey's pertinent employment in the prison refurbishing shop. *Ridenour v. Ohio Penal Industries* (Mar. 28, 1995), Franklin App. No. 94API10-1529, unreported, 1995 WL 141037.

{¶ 6} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____