DECISION AND JUDGMENT ENTRY
This is an appeal from a Ross County Common Pleas Court judgment denying a motion for injunctive relief filed by Charles D. Reasoner and Jeffrey Mann, plaintiffs below and appellants herein.
Appellants raise the following assignment of error for review:
 FIRST ASSIGNMENT OF ERROR: "[THE] TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO ACT IN AN EMERGENCY SITUATION WHERE IMMEDIATE ACTION WAS REQUIRED TO PROTECT THE HEALTH AND WELL BEING OF APPELLANTS FROM EXPOSURE TO LEAD HAZARDS."
 SECOND ASSIGNMENT OF ERROR: "[THE] TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANTS EQUAL PROTECTION OF THE LAW WHEN IT FAILED TO COMPLY WITH THE MANDATES OF CIVIL RULE 65 OF THE OHIO RULES OF CIVIL PROCEDURE AND ISSUE [A] RESTRAINING ORDER TO PROTECT APPELLANTS."
 THIRD ASSIGNMENT OF ERROR: "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY GRANTING DEFENDANTS[`] MOTION FOR SUMMARY JUDGMENT WHERE THERE EXISTED GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE."
Our review of the record reveals the following pertinent facts. On March 27, 2000, appellants, inmates at the Chillicothe Correctional Institution, filed a complaint for a preliminary injunction and a restraining order against defendants below and appellees herein: (1) Michael Randle, the warden of Chillicothe Correctional Institution; (2) William Cremeans, the safety director; (3) J.C. Robinson, the deputy warden; (4) Arville Duty, maintenance supervisor I; (5) Kenny W. Black, maintenance supervisor II; (6) Barry Kellough, maintenance repair supervisor; and (7) Dan Eichenlaub, maintenance repair supervisor. Appellants' complaint alleged that appellees were requiring appellants to perform work that is harmful to their health.[1]
Appellants alleged that appellees were requiring them "to cut, grind, burn and weld" a highly toxic lead-based, paint-covered surface. Appellants alleged that in requiring them to remove the lead-based paint, appellees have not provided appellants with the proper safety equipment. Appellants further claimed that appellees have ignored maintenance staff complaints and that appellees "have threatened [appellants] with placement in Disciplinary Control if they refuse to perform the work * * * constituting intimidation to work in an unsafe, unlawful conditions violating [appellants'] civil rights."
Appellees did not answer appellants' complaint, but instead filed a motion for summary judgment pursuant to our decisions in Parks v.Lazaroff (Feb. 1, 1999), Pickaway App. No. 98 CA 16, unreported, and inKing v. Peoples (Mar. 31, 1998), Ross App. No. 97 CA 2295, unreported.[2]
Appellees argued that because appellants failed to exhaust their administrative remedies as outlined in Ohio Admin. Code Section 5120-9-31
prior to commencing suit, the trial court, pursuant to Section 1997e(a), Title 42, U.S. Code,[3] must dismiss appellants' complaint. Appellees noted that Section 1997e(a) requires a Section 1983 plaintiff who challenges the conditions of his confinement to exhaust the administrative remedies prior to instituting a Section 1983 action in a trial court.
Appellees further asserted that they investigated appellants' complaints concerning the risk of exposure to lead-based paint and determined that the paint did not contain enough lead to pose a risk under the applicable government standards. Appellees claimed that an inspector determined that the inmates could perform their tasks safely if they wore properly fitting respirators and that appellees made respirators available to appellants.
In their opposition memorandum, appellants argued that they were not required to exhaust administrative remedies because "[w]here prison officials illegally compel inmates to perform hazardous work, no exhaustion of administrative remedies is required, nor available to prisoners who are suffering medical illnesses because they are being exposed to toxic materials."
On May 19, 2000, the trial court granted appellees' motion for summary judgment. The trial court found that no genuine issue of material fact remained as to whether appellants had exhausted their administrative remedies. Thus, the trial court concluded that it must, pursuant to Section 1997e(a), dismiss appellants' complaint for failure to exhaust administrative remedies.
Because appellants' three assignments of error all address the propriety of the trial court's decision granting appellees summary judgment, we review the assignments of error together.
Appellants essentially advance two arguments in support of their assertion that the trial court erred by granting appellees summary judgment. First, appellants contend that the trial court should have held an evidentiary hearing regarding appellants' motion for injunctive relief prior to granting appellees summary judgment. Second, appellants argue that the trial court incorrectly determined that appellants were required to exhaust their administrative remedies prior to filing suit. Appellants assert that three exceptions to the general rule of exhaustion of remedies exist and that they have demonstrated that an exception exists.
Appellees assert that the trial court did not err by granting their motion for summary judgment. Appellees contend that because appellants failed to exhaust their administrative remedies, the trial court was not required to conduct an evidentiary hearing regarding appellants' request for an injunction. Appellees refute appellants' contention that they were not required to exhaust their administrative remedies. Appellees note that the three exceptions that appellants posit do not apply to inmates seeking equitable relief. We agree with appellees.
Initially, we note that when reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts ade novo review. See, e.g., Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241, 245. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153, 1157; Morehead v. Conley (1991), 75 Ohio App.3d 409,411-12, 599 N.E.2d 786, 788. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
Civ.R. 56(C) provides, in relevant part, as follows:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164, 1171.
In the case at bar, we agree with the trial court's conclusion that appellants' failure to exhaust their administrative remedies required the court to dismiss appellants' complaint.
Section 1997e(a) requires inmates complaining of the conditions of their incarceration to exhaust the available administrative remedies prior to seeking equitable relief in the courts. Ohio Admin. Code 5120-9-31
sets forth the administrative remedies available to inmates complaining of the conditions of their incarceration. Ohio Admin. Code 5120-9-31, in conjunction with Section 1997e(a), requires inmates complaining of the conditions of their incarceration to exhaust administrative remedies prior to seeking equitable relief in the courts. See State ex rel.Humphrey v. Jago (1996), 74 Ohio St.3d 675, 676, 660 N.E.2d 1206, 1207; see, e.g., Parks v. Lazaroff (Feb. 1, 1999), Pickaway App. No. 98 CA 16, unreported; King v. Stump (Dec. 28, 1998), Ross App. No. 97 CA 2349, unreported; Smith v. Ohio Dept. Rehab. And Corr. (May 26, 1998), Ross App. No. 97 CA 2353, unreported; King v. Peoples (Mar. 31, 1998), Ross App. No. 97 CA 2295, unreported.
Appellants do not dispute that they failed to exhaust their administrative remedies. Appellants argue, however, that because they would suffer immediate physical harm, they are exempt from the administrative procedures. We disagree with appellants.
The Ohio Administrative Code contemplates a situation in which the grievance concerns a matter of immediate physical harm. Ohio Admin. Code5120-9-31(G) provides:
 "If the grievance is a matter that would expose the inmate to a substantial risk of personal injury or serious, irreparable harm under the normal time limits for disposition, then the inspector of institutional services shall immediately take corrective action. Under this paragraph, the inspector of institutional services has the discretion to decide whether any grievance is of an emergency nature and the proper action to be taken in response to the grievance."
Appellants also appear to argue that "prison conditions" does not refer to claims relating to the health of inmates. We disagree.
18 U.S.C. § 3626(g)(2) defines the term "prison conditions" as used in Section 1997e(a) as follows:
 The term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.
See Freeman v. Francis (C.A. 6, 1999), 196 F.3d 641, 643 (stating that "the scope of Section 1997e(a)'s exhaustion requirement is determined by the definition of a `civil action with respect to prison conditions' as set forth in Section 3626(g)(2)").
Courts should interpret broadly the exhaustion requirement contained in Section 1997e(a). As the court explained in Freeman, the purpose of requiring inmates first to exhaust their administrative remedies serves "to reduce frivolous prisoner lawsuits and to reduce the intervention of federal courts into the management of the nation's prison system." Id.
The court continued:
 "A broad exhaustion requirement that includes [claims relating to inmates' health] effectuates this purpose and maximizes the benefits of requiring prisoners to use prison grievance procedures before coming to federal court. Prisons need to know about and address [health-related] claims * * * as they would any other claim concerning prison life so that steps may be taken to stop problems immediately if they exist."
Id. (citation omitted) (footnote omitted).
While appellants argue that exceptions to the exhaustion requirement exist,[4] we do not believe that the exceptions to which appellants refer apply to the case at bar.
First, not one of the cases to which appellants refer in support of their argument that exhaustion is not required involved Section 1997e(a). No court, to our knowledge, has applied the exceptions to prisoner litigation cases involving Section 1983 condition of confinement claims.
Moreover, in Barksdale v. Rauschel (Sept. 18, 2000), C.A.6 No. 99-2233, unreported, the inmate argued that he should not be required to exhaust his administrative remedies because it would be futile. The court, however, disagreed, stating: "[E]xhaustion under Section 1997e is mandatory. See Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999)."
In Greene v. Meese (C.A.7, 1989), 875 F.2d 639, 641, the inmate similarly argued that exhaustion would be futile "because the higher-ups in the Bureau of Prisons are bound to turn down [his] remaining requests for relief." The court nevertheless rejected the inmate's futility argument, stating as follows:
 "No doubt denial is the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion. Lightning may strike; and even if it doesn't, in denying relief the Bureau may give a statement of its reasons that is helpful to the district court in considering the merits of the claim."
Id.
Thus, because appellants failed to exhaust their administrative remedies, the trial court properly dismissed appellants' complaint without holding a hearing regarding appellants' motion for injunctive relief. See King, supra (stating "it is apparent from the record that appellant failed to exhaust his administrative remedies as required by Section 1997e(a) and thus had no probability of success on the merits * * *"). Thus, appellants' assignments of error are without merit.
Accordingly, based upon the foregoing reasons, we overrule appellants' assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J. Evans, J.: Concur in Judgment Opinion
 ___________________________ Peter B. Abele, Presiding Judge.
[1] Although not expressly raised by either appellees or appellants, appellants' complaint appears to allege a deprivation of rights pursuant to Section 1983, Title 42, U.S. Code. Section 1983 provides as follows:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
[2] In Parks and King, this court stated that "[t]he appropriate procedural device for dismissal of a Section 1983 claim, for failure to exhaust administrative remedies, is a summary judgment pursuant to Civ.R. 56." In Martin v. Ohio Dept. of Rehab. Corr., et al. (Jan. 4, 2001), Pickaway App. No. 00CA37, unreported, we overruled Parks andKing.
[3] 42 U.S.C. § 1997e(a) provides as follows:
 No action shall be brought with respect to prison conditions [under 42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
[4] For example, in Rose v. Giamatti (June 28, 1999), Hamilton App. No. C890390, unreported, the court stated:
 "Exhaustion is not required as a prerequisite for judicial relief when the person or body before whom such remedy lies is biased or has prejudged the issue. See Gibson v. Berryhill, 411 U.S. 564, 576 n. 14 (1973) (`State administrative remedies have been deemed inadequate by federal courts and hence not subject to the exhaustion requirement . . . [w]here the state administrative body was found to be biased or to have predetermined the issue before it.')."