[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2022-Ohio-1765.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

THE STATE EX REL. MOBLEY *v.* OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2022-Ohio-1765.]

*Mandamus—Public Records Act—R.C. 5120.21—Statutory damages—Charges and decisions in inmate disciplinary proceedings and kites transmitted through a prison's electronic-kite system that are maintained in an inmate's "inmate master file" are not "records of inmates" under R.C. 5120.21 and are subject to disclosure under the Public Records Act—Writ granted in part and denied in part.*

(No. 2021-0725—Submitted February 8, 2022—Decided June 1, 2022.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Alphonso Mobley Jr., an inmate at the Lake Erie Correctional Institution, seeks a writ of mandamus ordering respondent, Ohio Department of

Rehabilitation and Correction ("DRC"), to provide certain records that he requested under the Public Records Act, R.C. 149.43. Mobley also seeks an award of statutory damages and court costs. We grant the writ in part, deny the writ in part, and award court costs and $1,000 in statutory damages to Mobley.

## I. Factual and Procedural Background

{¶ 2} On March 5, 2021, while incarcerated at the Northeast Ohio Correctional Center, Mobley submitted a public-records request via the prison's electronic-kite system,[1] asking for a paper copy of his "inmate master file." The inmate master file is a combined inmate record compiled by DRC, consisting of "previous Unit File and Record Office File information." DRC Policy 07-ORD-03, at 1, effective Jan. 3, 2017, https://www.drc.test.ohio.gov/Portals/0/Policies /DRC%20Policies/07-ORD-03%20(Jan%202017).pdf?ver=2017-01-05-075508-110#page=1 (accessed Mar. 24, 2022) [https://perma.cc/3QUE-TDMZ].[2] The "record office file" consists of records compiled prior to August 11, 2014, that contain confidential information about inmates, including presentence-investigation reports, sentencing documents, Social Security numbers, Federal Bureau of Investigation and Ohio Bureau of Criminal Investigation numbers, sex-offender-registration requirements, and "other sensitive data." *Id.* The "unit file" refers to records compiled prior to August 11, 2014, that were maintained in the office areas of inmate-living units and contain "non-confidential information which would not present a clear security risk if accessed by inmates." *Id.* at 2. Examples of unit-file content include personal-property records, receipts, visitor lists,

---

1. A "kite" is a communication "written by an inmate to a member of the prison staff and is 'a means for inmates to contact staff members inside [an] institution.' " *State ex rel. Martin v. Greene*, 156 Ohio St.3d 482, 2019-Ohio-1827, 129 N.E.3d 419, ¶ 3, fn. 1, quoting *State v. Elmore*, 5th Dist. Richland No. 16CA52, 2017-Ohio-1472, ¶ 15.

2. The quoted policy is the one that was in effect when Mobley made his public-records request in March 2021 and when he filed this mandamus action in June 2021. The definitions in this policy were revised effective September 1, 2021, but without substantive change.

custody-level information, disciplinary infractions and actions taken, work assignments, program-participation records, and correspondence. *Id.*

{¶ 3} A DRC employee responded to Mobley's request, stating that he did not know how to obtain a copy of the inmate master file. On March 28, 2021, Mobley submitted another public-records request, seeking copies of "all kites, informal complaints, grievances, and appeals" filed by him through the institution's electronic-kite system. According to Mobley, his request was denied. DRC has not provided Mobley with any of the records he requested.

{¶ 4} Mobley commenced this action on June 7, 2021, seeking a writ of mandamus compelling DRC to provide a copy of (1) his inmate master file and (2) all kites, informal complaints, grievances, and appeals filed by him through the electronic-kite system. As to the inmate master file, Mobley seeks the portion of the file "that pertains only to himself and what is defined as public records," which he identifies as kites and the charges and decisions from inmate-disciplinary-infraction cases. Mobley also seeks an award of statutory damages and court costs.

{¶ 5} DRC filed an answer and a motion for judgment on the pleadings. In its motion, DRC argued that Mobley is not entitled to a writ of mandamus, because the records he requested are "records of inmates" that are exempt from public-records disclosure under R.C. 5120.21(F). We denied DRC's motion and issued an alternative writ. 164 Ohio St.3d 1408, 2021-Ohio-2795, 172 N.E.3d 177. The parties have submitted evidence and briefs, and the case is ripe for decision.

## II. Analysis

{¶ 6} Mandamus is the appropriate remedy by which to compel a public office's compliance with the Public Records Act. *See State ex rel. Physicians Comm. for Responsible Medicine v. Bd. of Trustees of Ohio State Univ.*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. The requester must establish by clear and convincing evidence a clear legal right to the records and a corresponding clear legal duty on the part of the public office to provide them. *See State ex rel.*

*Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10.

**{¶ 7}** We construe R.C. 149.43 liberally in favor of broad access and resolve any doubt in favor of disclosure. *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St. 3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 17. "Exceptions to disclosure under the Public Records Act are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception." *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St. 3d 350, 2013-Ohio-3720, 995 N.E.2d 1175, ¶ 23. To meet this burden, the records custodian must prove that the requested records "fall squarely within the exception." *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 10.

### A. *Records related to the inmate-grievance procedure*

**{¶ 8}** In his first proposition of law, Mobley argues that R.C. 2969.26(A) entitles him to certain records from his March 28 request, namely, documents relating to his invocation of the inmate-grievance procedure. R.C. 2969.26 provides:

> (A) If an inmate commences a civil action or appeal against a government entity or employee and if the inmate's claim in the civil action or the inmate's claim in the civil action that is being appealed is subject to the grievance system for the state correctional institution, jail, workhouse, or violation sanction center in which the inmate is confined, the inmate shall file both of the following with the court:
>
> (1) An affidavit stating that the grievance was filed and the date on which the inmate received the decision regarding the grievance.

(2) A copy of any written decision regarding the grievance from the grievance system.

{¶ 9} In his reply brief, Mobley conceded that inmate-grievance records "are confidential, and thus not subject to R.C. 149.43." But because an inmate is required to file a copy of a grievance decision and provide information related to the grievance proceeding when commencing a civil action related to the grievance, Mobley contends that R.C. 2969.26(A) entitles him to a copy of his grievance-related documents.

{¶ 10} Mobley's argument is without merit. R.C. 2969.26(A) says nothing about the prison, jail, or other confinement facility's obligation to produce grievance-related records as public records. And Mobley seeks the records under the Public Records Act, not under any statute or administrative rule requiring an institution to provide grievance-related records to an inmate. Thus, Mobley's entitlement to grievance-related records turns on whether they are *public records* under R.C. 149.43.

{¶ 11} However, we need not decide this issue. Because Mobley has conceded that he is not entitled to grievance-related records under R.C. 149.43, he has not shown a clear legal right to a writ of mandamus to compel the production of these records.

### B. The records from Mobley's "inmate master file"

{¶ 12} In his second proposition of law, Mobley argues that DRC must provide him with "the public record portions of his Inmate Master Record/File." According to Mobley, these "public portions" consist of the "charges and decisions in inmate disciplinary cases" and the kites he has transmitted through the prison's electronic-kite system.

{¶ 13} A "public record" does not include "[r]ecords the release of which is prohibited by state or federal law." R.C. 149.43(A)(1)(v). DRC argues that this

exception to the definition of "public record" applies here because the documents that Mobley requested are "records of inmates" that are exempted from public-records disclosure under R.C. 5120.21(F). That statute provides:

> Except as otherwise provided in division (C) of this section, records of inmates committed to [DRC] as well as records of persons under the supervision of the adult parole authority shall not be considered public records as defined in section 149.43 of the Revised Code.[3]

R.C. 5120.21(F).

{¶ 14} In support of the argument that R.C. 5120.21(F) applies to the records at issue here, DRC relies exclusively on this court's plurality opinion in *State ex rel. Hogan Lovells U.S., L.L.P. v. Ohio Dept. of Rehab. & Corr.*, 165 Ohio St.3d 368, 2021-Ohio-1762, 179 N.E.3d 1150. In *Hogan Lovells*, relators asked for "[r]ecords pertaining to training activities or exercises related to execution procedures or protocol * * *, including any and all records pertaining to any substances used during the training exercises and including any reports, evaluations, or other documents produced pursuant to such trainings." (Brackets added in *Hogan Lovells*.) *Hogan Lovells* at ¶ 30. DRC withheld records relating to its preparation for a specific prisoner's scheduled execution, taking the position that they were "records of inmates" under R.C. 5120.21(F). *Hogan Lovells* at ¶ 30, 32, 35. The lead opinion concluded that R.C. 5120.21(F) "broadly exempt[s] records that relate or refer to inmates," *Hogan Lovells* at ¶ 36, rejecting the

---

3. R.C. 5120.21(C)(2) requires DRC to compile and maintain medical records for every inmate and allows those records to be inspected by an inmate's attorney or physician on request by the inmate and his attorney or physician.

argument that the exemption applied only to inmate records specified elsewhere in R.C. 5120.21. *Hogan Lovells* at ¶ 37-39.

{¶ 15} DRC argues that the records Mobley seeks in this case fall within the R.C. 5120.21(F) exception because they contain information that specifically relates to him. An inmate master file, DRC says, contains "highly sensitive records" about an inmate and consistent with R.C. 5120.21(F), DRC does not provide copies of that file to a currently incarcerated inmate. And even though Mobley seeks records that pertain only to himself, DRC says those records cannot be obtained through a public-records request, because R.C. 5120.21(F) exempts them from R.C. 149.43's definition of "public record." Mobley must obtain the records, if at all, through DRC's internal procedures that allow an inmate to obtain his own records.

{¶ 16} The lead opinion in *Hogan Lovells* was joined by three members of this court and therefore is not binding precedent. *See Hedrick v. Motorists Mut. Ins. Co.*, 22 Ohio St.3d 42, 44, 488 N.E.2d 840 (1986), *overruled on other grounds by Martin v. Midwestern Group Ins. Co.*, 70 Ohio St.3d 478, 639 N.E.2d 438 (1994). In this case, we decline to adopt a categorical rule that all records that somehow relate to an inmate are exempt from public-records disclosure under R.C. 5120.21(F).

*1. R.C. 5120.21(F) applies to inmate records specified in the statute*

{¶ 17} R.C. 5120.21(F) is just one part of R.C. 5120.21. "In reviewing a statute, a court cannot pick out one sentence and disassociate it from the context, but must look to the four corners of the enactment to determine the intent of the [legislature]." *State v. Wilson*, 77 Ohio St.3d 334, 336, 673 N.E.2d 1347 (1997). As a whole, R.C. 5120.21 concerns several types of records maintained by either DRC or its individual institutions.

{¶ 18} R.C. 5120.21(A) requires DRC to "keep in its office * * * a record showing the name, residence, sex, age, nativity, occupation, condition, and date of

entrance or commitment of every inmate in the several institutions [that DRC governs]." This record is accessible only to DRC employees. *Id.*

{¶ 19} R.C. 5120.21(B) requires the managing officer of an institution to make "a special report" to DRC within 24 hours of "an accident or injury or peculiar death of an inmate."

{¶ 20} R.C. 5120.21(C) covers medical records that a DRC institution must compile and maintain for every inmate. This section also specifies who may obtain a copy of an inmate's medical records.

{¶ 21} Finally, R.C. 5120.21(D) requires DRC and its institutions to keep seven categories of confidential records, five of which would likely contain specific information about inmates. *See* R.C. 5120.21(D)(3) (statements by inmate informants); R.C. 5120.21(D)(4) (records from the department of youth services pertaining to children in its custody); R.C. 5120.21(D)(5) (information from crime victims); R.C. 5120.21(D)(6) (information pertaining to groups posing a security threat); R.C. 5120.21(D)(7) (recorded inmate telephone conversations involving nonprivileged communications).[4] Though these records are confidential, DRC may consent to their release. *See* R.C. 5120.21(D).

{¶ 22} In the context of the entire statute, the term "records of inmates" in R.C. 5120.21(F) logically refers to the records mentioned elsewhere in R.C. 5120.21, clarifying that such records are not public records. R.C. 5120.21(F) makes an inmate's medical records requested under R.C. 5120.21(C)(2) an exception to that statement. But as for the other inmate records identified in the statute, R.C. 5120.21(F) clarifies that none of those records are public records, even though some

---

4. The remaining two categories do not relate to specific inmates: R.C. 5120.21(D)(1) refers to "[a]rchitectural, engineering, or construction diagrams, drawings, or plans of a correctional institution," and R.C. 5120.21(D)(2) refers to "[p]lans for hostage negotiation, for disturbance control, for the control and location of keys, and for dealing with escapes."

of them are not deemed confidential, *see* R.C. 5120.21(B), and others may be released with DRC's consent, *see* R.C. 5120.21(D).

*2. DRC must produce the requested records*

**{¶ 23}** DRC does not argue that the records requested by Mobley fall under one of the categories of "records of inmates" identified in R.C. 5120.21. Nor does DRC argue that any other exception to disclosure applies. Thus, DRC must disclose the records that Mobley seeks because they are public records to which no exception applies.

**{¶ 24}** Public records include "any document, device, or item * * * created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." R.C. 149.011(G); *see also* R.C. 149.43(A)(1). The parts of his inmate master file that Mobley seeks, namely, the charges and decisions in inmate disciplinary proceedings against him and all kites that pertain to him, fall under this definition.

**{¶ 25}** The charges and decisions in Mobley's inmate disciplinary cases are public records because they document institutional discipline imposed on Mobley. Indeed, even DRC's regulations define the "public records" it maintains as including charges and decisions in inmate disciplinary cases. *See* Ohio Adm.Code 5120-9-49(B)(2).

**{¶ 26}** As for the kites from Mobley's inmate master file, these are also public records subject to disclosure under R.C. 149.43. The kites document operations and activities of the prison, namely, the institution's communications with Mobley. DRC cites no section of R.C. 149.43 that categorically exempts prison kites from disclosure as public records. And to the extent that a kite might contain information that is exempt from disclosure, those portions can be redacted. *See State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79, 526 N.E.2d 786 (1988), paragraph four of the syllabus.

*C. Statutory damages and court costs*

**{¶ 27}** Mobley also seeks an award of statutory damages and court costs. Because Mobley is entitled to a writ of mandamus ordering DRC to produce the inmate-master-file documents described above, an award of court costs is mandatory under R.C. 149.43(C)(3)(a)(i). *See State ex rel. Hedenberg v. N. Cent. Corr. Complex*, 162 Ohio St.3d 85, 2020-Ohio-3815, 164 N.E.3d 358, ¶ 13.

**{¶ 28}** As for statutory damages, R.C. 149.43(C)(2) allows Mobley to recover $100 for each business day during which DRC failed to comply with the public-records law, beginning on the date of the commencement of this action, up to a maximum of $1,000. Mobley transmitted his public-records requests by electronic kite, which is a method of delivery that qualifies him for statutory damages. *See State ex rel. Griffin v. Sehlmeyer*, 165 Ohio St.3d 315, 2021-Ohio-1419, 179 N.E.3d 60, ¶ 21.

**{¶ 29}** R.C. 149.43(C)(2) also provides that the court may reduce or deny statutory damages if it determines that (1) based on the law as it existed at the time of Mobley's request, a well-informed person responsible for the records reasonably would have believed that R.C. 149.43(B) did not require their disclosure in response to Mobley's request and (2) a well-informed person responsible for the records reasonably would have believed that withholding them would serve the public policy that underlies the public-records exemption for records of inmates. DRC does not qualify for a reduction or denial of damages under R.C. 149.43(C)(2).

**{¶ 30}** DRC does not dispute that it failed to produce the records that Mobley requested, and the record contains no evidence showing that DRC relied on a statutory exemption when it refused to provide the documents. DRC first raised R.C. 5120.21(F) and *Hogan Lovells* as the basis for denying Mobley's public-records requests in this litigation, but *Hogan Lovells* was not decided until May 26, 2021, nearly two months after DRC denied Mobley's requests.

**{¶ 31}** Mobley filed his complaint for a writ of mandamus on June 7, 2021, and he has not received any of the documents requested from his inmate master file. Consequently, we award Mobley the statutory maximum of $1,000 in damages. *See* R.C. 149.43(C)(2).

### III. Conclusion

**{¶ 32}** For the foregoing reasons, we grant a writ of mandamus compelling DRC to produce the inmate-master-file documents requested by Mobley, namely, (1) the charges and decisions in inmate disciplinary proceedings against him and (2) all kites that pertain to him. We deny the writ as to the records related to the inmate-grievance procedure. We also order DRC to pay court costs and to pay $1,000 in statutory damages to Mobley.

Writ granted in part

and denied in part.

DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs for the reasons set forth in *State ex rel. Hogan Lovells U.S., L.L.P. v. Ohio Dept. of Rehab. & Corr.*, 165 Ohio St.3d 368, 2021-Ohio-1762, 179 N.E.3d 1150 (Kennedy, J., concurring in part and dissenting in part).

O'CONNOR, C.J., and BRUNNER, J., concur in judgment only.

FISCHER, J., dissents.

—————————

Alphonso Mobley Jr., pro se.

Dave Yost, Attorney General, and Kelly D. Becker, Assistant Attorney General, for respondent.

—————————