[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Suggs v. McConahay*, Slip Opinion No. 2022-Ohio-2147.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2147

THE STATE EX REL. SUGGS *v.* MCCONAHAY, WARDEN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Suggs v. McConahay*, Slip Opinion No. 2022-Ohio-2147.]**

*Public records—R.C. 149.43—Mandamus—Statutory damages—Respondent prison warden presented evidence that all records responsive to relator inmate's public-records request had been provided—Although warden produced the requested records, he did not do so until after inmate filed mandamus action—Relator's mandamus claim denied as moot, but statutory damages awarded.*

(No. 2021-1056—Submitted March 8, 2022—Decided June 28, 2022.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} Relator, Anthony Suggs, a prison inmate, filed an original action in mandamus in this court to compel respondent, Timothy McConahay, warden of the

Mansfield Correctional Institution, to provide copies of electronic kites[1] between Suggs and a prison staff member. Suggs had requested that the warden produce the kites under Ohio's Public Records Act, R.C. 149.43. We deny the mandamus claim as moot because the kites were provided to Suggs shortly after this action was filed.

{¶ 2} Suggs also seeks statutory damages. The warden argues that Suggs is not entitled to statutory damages because the Public Records Act does not apply. Specifically, the warden argues that the kites were exempt from disclosure because they are "records of inmates" under R.C. 5120.21(F) and that he provided the kites to Suggs as a "courtesy," not pursuant to R.C. 149.43. Consistent with our recent decision in *State ex rel. Mobley v. Dept. of Rehab. & Corr.*, __ Ohio St.3d __, 2022-Ohio-1765, __ N.E.3d __, ¶ 26, we reject the warden's argument and award Suggs $900 in statutory damages.

## Background

{¶ 3} On July 31, 2021, when he was incarcerated at the Mansfield Correctional Institution, Suggs submitted the following request through the prison's electronic-kite system:

> I am requesting under the Ohio Public Records Act 149.43(B) electronic kites submitted, to U.M. Melton that he responded to. They are MANSCI0621000566, 06210007761, 0721002100, & 0721002335. I need these kites to submit to the 6th Circuit Court concerning my appeal, because I am being my appeal for not filing my memorandum in support of jurisdiction in time to the Ohio Supreme Court. But I was not passed to the law library in

---

1. A "kite" is a communication "written by an inmate to a member of the prison staff and is 'a means for inmates to contact staff members inside [an] institution.' " (Brackets added in *Martin.*) *State ex rel. Martin v. Greene*, 156 Ohio St.3d 482, 2019-Ohio-1827, 129 N.E.3d 419, ¶ 3, fn. 1, quoting *State v. Elmore*, 5th Dist. Richland No. 16CA52, 2017-Ohio-1472, ¶ 15.

a reasonable time to get it perfected.  U.M. Melton was my U.M. in Unit 2 at this time in April of 2017.  I let him know about the situation so he sent Mr. Mack an e-mail.  Mr. Melton then called me in his office 2, or 3 days later & told me that he did not receive a response to his e-mail.  So I need to submit this to the courts to show that it was not my fault that I did not make the deadline.  This is a very urgent matter, may I please have these copies a.s.a.p.  Thanx.

As alluded to in the request, Suggs intended to use the kites to support his argument that he had cause for any procedural default of his federal habeas corpus claims. *See Suggs v. Sheldon*, N.D.Ohio No. 5:18-CV-743, 2020 WL 6736473, *6-7 (Nov. 17, 2020).

{¶ 4} The warden initially responded to Suggs's request on August 2, indicating that the request had been forwarded to another prison staff member.  But Suggs did not immediately receive the documents he requested, and on August 25, he filed his petition for a writ of mandamus in this court.  We granted an alternative writ.  165 Ohio St.3d 1448, 2021-Ohio-3908, 175 N.E.3d 1283.

{¶ 5} As evidence in this case, the warden has submitted two affidavits showing that all records responsive to Suggs's request were delivered to Suggs on September 8.  The warden has also submitted a copy of Suggs's request and copies of the kites that Suggs requested.

### Analysis

*Verification of the petition*

{¶ 6} The warden argues that we should dismiss this case because Suggs failed to properly verify his petition.  *See* R.C. 2731.04; S.Ct.Prac.R. 12.02(B). Indeed, this court has "routinely dismissed original actions, other than habeas corpus, that were not supported by an affidavit expressly stating that the facts in the

complaint were based on the affiant's personal knowledge." *State ex rel. Hackworth v. Hughes*, 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 24.

{¶ 7} We note that the warden failed to raise the failure-to-verify issue in his answer to the petition or in a dispositive motion. And in granting an alternative writ in this case, we determined that Suggs's petition states a claim for relief. Moreover, the warden's answer asserted that on September 8, 2021, he provided "all of the public records which are responsive to [Suggs's] public records requests which are at issue herein." Thus, the warden acknowledged the existence of Suggs's request and the date the request was fulfilled, which are the facts pertinent to the issues in this case. We therefore conclude that any defect resulting from Suggs's failure to attach a supporting affidavit to his complaint was cured by the admissions made in the warden's answer.

*Mandamus claim*

{¶ 8} "Mandamus is [an] appropriate remedy to compel compliance with R.C. 149.43." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. But generally, a public-records mandamus claim becomes moot when the records custodian provides the requested documents. *See State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22. The warden has presented evidence showing that all responsive records have been provided to Suggs, and Suggs has not rebutted that evidence. We therefore deny Suggs's mandamus claim as moot.

*Statutory damages*

{¶ 9} Although the warden ultimately produced the requested records, he did not do so until after Suggs filed this action. Therefore, Suggs may be entitled to statutory damages even though he is not entitled to a writ of mandamus. *See State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 22. Under R.C. 149.43(C)(2), a person seeking to compel

compliance with the Public Records Act through a mandamus action may recover $100 for each business day during which the records custodian failed to comply with R.C. 149.43(B), beginning on the date of commencement of the action, and the person may be awarded a maximum of $1,000.

{¶ 10} The question here is whether Suggs's request falls under the Public Records Act. The warden argues that the kites are not public records because, in his view, they are "records of inmates" under R.C. 5120.21(F), which provides:

> Except as otherwise provided in division (C) of this section, records of inmates committed to the department of rehabilitation and correction as well as records of persons under the supervision of the adult parole authority shall not be considered public records as defined in section 149.43 of the Revised Code.

The warden argues that the requested records fall within R.C. 5120.21(F)'s exemption from disclosure because they contain information that relates to an inmate (i.e., Suggs himself).

{¶ 11} We recently rejected a similar argument in *Mobley*, __ Ohio St.3d __, 2022-Ohio-1765, __ N.E.3d __, at ¶ 26, determining that an inmate's kites were public records subject to disclosure under R.C. 149.43. As in *Mobley*, the warden here does not identify any statutory exemption that categorically exempts prison kites from disclosure as public records. Suggs's request therefore falls under the Public Records Act.

{¶ 12} If a person who requested public records transmitted the request by "hand delivery, electronic submission, or certified mail," the person may be eligible to receive statutory damages under R.C. 149.43(C)(2). The warden argues that Suggs has failed to prove how he transmitted the request. But the warden himself has submitted evidence showing that Suggs made his request by electronic kite,

which we have held satisfies R.C. 149.43(C)(2)'s "electronic submission" requirement, *State ex rel. Griffin v. Sehlmeyer*, 165 Ohio St.3d 315, 2021-Ohio-1419, 179 N.E.3d 60, ¶ 21. Therefore, Suggs is eligible to receive statutory damages.

**{¶ 13}** Again, Suggs filed his petition in this court on August 25, 2021. Because the warden did not comply with his obligations under R.C. 149.43(B) until September 8—nine business days after Suggs filed this action—Suggs is entitled to $900 in statutory damages. *See* R.C. 149.43(C)(2).

### Conclusion

**{¶ 14}** We deny the writ of mandamus as moot but award statutory damages to Suggs in the amount of $900.

Writ denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Anthony Suggs, pro se.

Dave Yost, Attorney General, and Tracy L. Bradford and Mark W. Altier, Assistant Attorneys General, for respondent.

_____

6