[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Clark v. Dept. of Rehab. & Corr.*, Slip Opinion No. 2023-Ohio-4183.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-4183

THE STATE EX REL. CLARK *v.* DEPARTMENT OF REHABILITATION AND CORRECTION.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Clark v. Dept. of Rehab. & Corr.*, Slip Opinion No. 2023-Ohio-4183.]**

*Mandamus—Public-records requests—R.C. 149.43—Department of Rehabilitation and Correction was obligated to provide inmate with requested kite document pursuant to* State ex rel. Mobley v. Dept. of Rehab. & Corr.— *Even though* Mobley *was decided after inmate submitted records request,* Mobley *determined what R.C. 149.43 meant at the time of inmate's request—Writ granted, request for statutory damages denied, and court costs awarded.*

(No. 2022-1070—Submitted May 16, 2023—Decided November 22, 2023.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an original action in mandamus brought under Ohio's Public Records Act, R.C. 149.43, by relator, Thomas Clark, against respondent, the Ohio Department of Rehabilitation and Correction. Clark seeks a writ of mandamus ordering the department to produce a copy of a kite, which is a type of written communication between an inmate and a prison-staff member, *see State ex rel. Suggs v. McConahay*, 169 Ohio St.3d 463, 2022-Ohio-2147, 206 N.E.3d 646, ¶ 1, fn. 1. Clark also seeks awards of statutory damages and court costs. We grant the writ, deny the request for statutory damages, and award costs.

## I. BACKGROUND

{¶ 2} Clark is an inmate at the Lebanon Correctional Institution. Paragraph three of Clark's complaint, the truth of which the department admitted in its answer, and Clark's evidence describe his efforts to obtain the kite at issue.

{¶ 3} In February 2021, while incarcerated at the North Central Correctional Complex ("NCCC"), Clark requested a printed copy of a kite that he had exchanged with "the cashier." According to Clark, an NCCC inspector denied his request on the ground that she was not responsible for printing kites. Clark then filed a grievance with the department against the NCCC inspector for denying his request. In his grievance, Clark asked the department to print the kite, stating that he would pay the five-cent printing fee. A chief inspector for the department denied Clark's grievance and, in doing so, informed Clark that "[k]ites are not public records and because of that [the department is] not required to provide them to anyone requesting them."

{¶ 4} After the department denied Clark's request, Clark brought this mandamus action, seeking production of the kite, statutory damages, and court costs. This court denied the department's motion to dismiss, 168 Ohio St.3d 1452, 2022-Ohio-3903, 198 N.E.3d 108, and sua sponte granted an alternative writ scheduling the submission of evidence and briefs, 169 Ohio St.3d 1419, 2023-Ohio-

152, 201 N.E.3d 899. Only Clark filed evidence. Both Clark and the department have filed merit briefs.

## II. ANALYSIS

### A. *Delivery of Clark's request*

{¶ 5} At the outset, we must decide whether, as the department argues, this action is fatally defective because Clark has not proven delivery of his public-records request.[1] In support of this argument, the department points to *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 26, in which this court held that a requester bears the burden to establish facts showing that he requested the public record at issue.

{¶ 6} We need not dwell on this argument. As noted above, the department admitted the allegations in paragraph three of Clark's complaint. These allegations, in which Clark asserted that he sent a request for the kite to the department and that the department received it, are therefore deemed proven. *See* Civ.R. 8(D) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading"); *Rhoden v. Akron*, 61 Ohio App.3d 725, 727, 573 N.E.2d 1131 (9th Dist.1988) ("It is elementary in the law of pleading that an admission in a pleading dispenses with proof and is equivalent to proof of the fact").

### B. *Mandamus*

{¶ 7} Mandamus is an appropriate remedy to compel compliance with Ohio's Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1)(b). To obtain the requested writ, Clark must show that he has a clear legal right to the requested relief and that the

---

1. Although it is not entirely clear, a segment of the department's argument seems to suggest that Clark's mandamus action is defective because he did not deliver his initial request to the right NCCC official. We fail to see why this matters because Clark's action focuses on his subsequent effort to obtain the record from the department.

department has a clear legal duty to provide it. *See State ex rel. Ellis v. Maple Hts. Police Dept.*, 158 Ohio St.3d 25, 2019-Ohio-4137, 139 N.E.3d 873, ¶ 5.

**{¶ 8}** Clark claims entitlement to the writ based on *State ex rel. Mobley v. Dept. of Rehab. & Corr.*, in which this court held that kites are "public records subject to disclosure under R.C. 149.43" because they "document operations and activities of the prison, namely, the institution's communications with [inmates]." 169 Ohio St.3d 39, 2022-Ohio-1765, 201 N.E.3d 853, ¶ 26.

**{¶ 9}** The department acknowledges that the kite at issue in this case is a public record under *Mobley*, but it claims that *Mobley* cannot be applied here, because the case was decided after Clark made his request. This court decided *Mobley* in June 2022; Clark sent his public-records request in February 2021. In support of its position, the department points to the rule that a "request for the production of public records is governed by the version of Ohio's Public Records Act that was in effect at the time that the request was made," *State ex rel. Martin v. Greene*, 156 Ohio St.3d 482, 2019-Ohio-1827, 129 N.E.3d 419, ¶ 9. The rule from *Martin*, however, is unavailing in light of our recent decision in *State ex rel. Barr v. Wesson*, __ Ohio St.3d __, 2023-Ohio-3028, __ N.E.3d __, which rejected a nearly identical argument to the one the department makes here.

**{¶ 10}** In *Barr*, an inmate sent a public-records request seeking the production of prison-kite logs. Because the inmate's request predated this court's announcement in *Mobley*, the prison's records custodian in *Barr* argued that he could not be required to produce the logs. *Barr* at ¶ 23. This court disagreed, explaining that when *Mobley* held that kites constitute public records insofar as they document a prison's communications with inmates, it not only determined what the statute meant prospectively, it also " 'authoritative[ly]' " determined " 'what the statute meant before.' " *Barr* at ¶ 24, quoting *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312-313, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994). It follows from *Barr*,

then, that the department cannot avoid *Mobley*'s reach merely because Clark sent his request before this court decided *Mobley*.

{¶ 11} Next, the department argues that because Clark sent his original request for the kite to an NCCC official, the department had no duty to respond to Clark's second request for the kite, which he sought in his grievance. In support of its position, the department cites *State ex rel. Laborers Internatl. Union of N. Am., Local Union No. 500 v. Summerville*, in which this court held that a records custodian need not provide a follow-up response to a records requester when the requester merely reiterates the contents of the original request in a follow-up letter. 122 Ohio St.3d 1234, 2009-Ohio-4090, 913 N.E.2d 452, ¶ 6. But *Summerville* involved a follow-up request sent to the same custodian. In this case, Clark first sent a request to NCCC and then sent a separate request—contained in his grievance—to the department. If there is a reason for treating Clark's request sent to the department as the functional equivalent of a follow-up request sent to NCCC, the department has failed to say what that reason is.

{¶ 12} Lastly, the department suggests that Clark has access to the kite he seeks through what it calls his "JPay" account. The department has provided no evidence to support this statement, but Clark, in his merit brief, acknowledges that "[the department's] administrators make available digital copies of kite records through Jpay kiosks." Yet, despite the parties' apparent consensus about Clark's access to the requested kite through his JPay account, the department advances no argument under R.C. 149.43 or related caselaw that Clark's access to the kite through his JPay account relieves the department of its duty to produce the kite in paper form. *See* R.C. 149.43(B)(6) ("the person responsible for the public record shall permit [the requester] to choose to have the public record duplicated upon paper").

**{¶ 13}** Based on the foregoing, we grant the writ and order the department to produce to Clark a printed copy of the requested kite upon Clark's payment of the printing fee.

### C. Statutory damages

**{¶ 14}** A requester who transmits a fairly described public-records request by a qualifying method of delivery is entitled to an award of statutory damages if a court determines that the public office failed to comply with an obligation imposed by R.C. 149.43(B). R.C. 149.43(C)(2). Here, Clark fairly described the record he sought in his public-records request, and his electronic submission of that request to the department was a qualifying method of delivery. Nonetheless, a court may reduce or deny statutory damages under R.C. 149.43(C)(2)(a) and (b) if it determines that

> (1) based on the law as it existed at the time of the request, a well-informed person responsible for the records reasonably would have believed that R.C. 149.43(B) did not require their disclosure and (2) a well-informed person responsible for the records reasonably would have believed that withholding the records would serve the public policy that underlies the authority asserted for withholding the records.

*State ex rel. Harm Reduction Ohio v. OneOhio Recovery Found.*, __ Ohio St.3d __, 2023-Ohio-1547, __ N.E.3d __, ¶ 38. We deny Clark's request for statutory damages based on R.C. 149.43(C)(2)(a) and (b).

**{¶ 15}** The department's view is that when Clark made his public-records request, kites were not considered public records under R.C. 5120.21(F), which provides that "records of inmates * * * shall not be considered public records." Instructive here is the lead opinion from this court's decision in *State ex rel. Hogan*

*Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 165 Ohio St.3d 368, 2021-Ohio-1762, 179 N.E.3d 1150, which we announced in May 2021, after Clark sent his request but before we decided *Mobley*, 169 Ohio St.3d 39, 2022-Ohio-1765, 201 N.E.3d 853. In *Hogan Lovells*, the department relied on R.C. 5120.21(F) in withholding records related to its administration of lethal injections, arguing that the records related to or referred to an inmate. *Hogan Lovells* at ¶ 8. A plurality of this court agreed with the department, reasoning that because the records provided specific information about an inmate, they could not be released. *Id.* at ¶ 36, 41.

{¶ 16} Although we had not decided *Hogan Lovells* when Clark submitted his request to the department, our decision in that case was still sufficiently close in time to Clark's request and therefore plausibly speaks to how a well-informed records custodian would have understood his or her obligations at the time of Clark's request. We conclude that a well-informed person responsible for the department's records would reasonably have believed that the kite that Clark requested did not need to be disclosed under R.C. 149.43(B) and that withholding the record would serve the policy embodied in R.C. 5120.21(F). We accordingly deny statutory damages.

### D. Court costs

{¶ 17} Under R.C. 149.43(C)(3)(a)(i), a court shall determine and award court costs if it orders a public office to comply with R.C. 149.43(B). Because we are granting a writ of mandamus, we award costs.

### III. CONCLUSION

{¶ 18} In summary, we grant the writ, deny the request for statutory damages, and award court costs.

Writ granted.

KENNEDY, C.J., and FISCHER, DEWINE, STEWART, and DETERS, JJ., concur.

DONNELLY and BRUNNER, JJ., concur in part and dissent in part and would award relator $1,000 in statutory damages.

_____

Thomas Clark, pro se.

Dave Yost, Attorney General, and John H. Bates, Assistant Attorney General, for respondent.

_____