[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Adkins v. Dept. of Rehab. & Corr. Legal Dept.*, Slip Opinion No. 2024-Ohio-5154.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5154

THE STATE EX REL. ADKINS *v.* DEPARTMENT OF REHABILITATION AND CORRECTION LEGAL DEPARTMENT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Adkins v. Dept. of Rehab. & Corr. Legal Dept.*, Slip Opinion No. 2024-Ohio-5154.]

*Mandamus—Public-records requests—Limited writ granted and statutory damages awarded.*

(No. 2023-1582—Submitted September 17, 2024—Decided October 30, 2024.)

IN MANDAMUS.

————————

The per curiam opinion below was joined by KENNEDY, C.J., and DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ. FISCHER, J., dissented.

**Per Curiam.**

{¶ 1} Relator, Patrick H. Adkins III, filed an original action in mandamus against respondent, the Ohio Department of Rehabilitation and Correction ("the

DRC") Legal Department. Adkins seeks a writ ordering the DRC to produce records that Adkins requested under Ohio's Public Records Act, R.C. 149.43, and ordering an award of statutory damages. We grant a limited writ and award Adkins $1,000 in statutory damages.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Adkins is an inmate at the Lebanon Correctional Institution. On November 28, 2023, Adkins sent an electronic kite to Ellen Myers, a warden's assistant whose duties include responding to inmate public-records requests. In the kite, Adkins requested that Myers (1) allow him to inspect or receive a copy of the "Kite Log" for the transitional-program-unit dormitory (the "TPU") from August 4 through August 17, 2023, (2) allow him to inspect or receive a copy of the "Kite Log" for the inspector's office from August 4 through October 13, 2023, and (3) provide him with a copy of certain kite responses from August 4 through October 13, 2023. The next day, Myers wrote that Adkins's request had been sent to the legal department for review. On December 5, Myers informed Adkins that his request was denied because he had requested nonpublic inmate records protected by R.C. 5120.21(F).

{¶ 3} Adkins's November 28 request was not the first or last public-records request he made to the DRC. Myers avers that between August 4, 2023, and January 12, 2024, Adkins sent Myers over 100 kites related to public-records requests. Particularly relevant here, on November 22, Adkins sent a kite to the inspector's office requesting "a copy of all [his] kites sent to [the inspector's office] from 8-28-23 to 11-22-23." On November 27, a DRC employee responded, "I will get copies to you when I am able to respond." Myers avers that in December, a DRC employee provided Adkins with copies of all the kites he had requested in his November 22 request, and the DRC has submitted copies of these provided kites to this court as evidence.

**{¶ 4}** On December 12, 2023, Adkins filed this original action in mandamus. He requests a writ ordering the DRC's legal department to produce the records he requested in his November 28 kite. He also requests an award of statutory damages.

**{¶ 5}** We granted an alternative writ and ordered the submission of evidence and briefs. 2024-Ohio-597.

## II. ANALYSIS

### A. Relator's pending motions

**{¶ 6}** Adkins has filed five motions that remain pending. We deny all five.

**{¶ 7}** On March 14, 2024, Adkins filed a motion titled "Motion Pursuant to OH Const. Art. IV, § 2." Adkins asks the court to review two documents he filed in a different case, but what relevance these documents have to this case is unclear. It is also not clear what, if any, relief he seeks. We deny the motion.

**{¶ 8}** On April 9, Adkins filed another motion titled "Motion Pursuant to OH. Const. Art. IV, § 2." In this motion, he generally alleges that the DRC staff are retaliating against him and preventing him from accessing notary and copying services. But it is not clear what, if any, relief he seeks. We deny the motion.

**{¶ 9}** On April 26, Adkins filed a motion asking the court to take judicial notice of certain facts. But the motion itself contains mainly legal arguments and citations to the complaint. We deny the motion.

**{¶ 10}** On May 24, Adkins filed a third motion titled "Motion pursuant to OH. Const. Art. IV, § 2." In this motion, Adkins seeks leave to submit as evidence a kite and a response to the kite, which he attached to the motion. Adkins's submission of evidence was due by March 12, *see* 2024-Ohio-597, and the additional evidence is not timely. Relators in original actions may file motions for leave to file rebuttal evidence, but the motion must be made "within the time permitted for the filing of relator's reply brief." S.Ct.Prac.R. 12.06(B). Adkins's reply brief was due April 10. Even if we were to construe Adkins's motion as a

motion for leave to file rebuttal evidence, the motion is untimely. We deny the motion.

**{¶ 11}** On July 2, Adkins filed a motion asking the court to strike respondent's answer and merit brief as frivolous and false and to impose sanctions. See R.C. 2323.51(A)(2)(iii). He generally argues that respondent's filings are knowingly false and deceitful. His motion does not support these allegations, and we therefore deny it.

### B. Writ of mandamus

**{¶ 12}** "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Mandamus is an appropriate remedy to compel compliance with division (B) of the Public Records Act. *See* R.C. 149.43(C)(1)(b). To be entitled to a writ of mandamus, Adkins must prove, by clear and convincing evidence, that he has a clear legal right to the relief sought and that the DRC has a clear legal duty to provide that relief. *State ex rel. Cincinnati Enquirer v. Sage*, 2015-Ohio-974, ¶ 10. We grant a limited writ of mandamus.

**{¶ 13}** As an initial matter, when the DRC denied Adkins's November 28 request, it stated that its reason for denying was that prison-kite logs are exempt from disclosure under R.C. 5120.21(F) (exempting from disclosure certain inmate records). The DRC now agrees that kites and kite logs are public records, at least when requested by the inmate who sent the kite. *See State ex rel. Mobley v. Ohio Dept. of Rehab. and Corr.*, 2022-Ohio-1765, ¶ 26. The DRC is not precluded in this mandamus action, however, from defending its refusal to produce records based on other reasons. *See* R.C. 149.43(B)(3).

**{¶ 14}** The DRC offers several reasons why this court should deny the writ of mandamus. First, the DRC argues that Adkins named the wrong respondent. Adkins named as respondent the "Ohio Department of Rehabilitation & Correction

4

*Legal Department*." (Emphasis added.) The DRC asserts that its legal department is not responsible for the requested records. But the DRC's legal department is a subpart of the DRC, and presumably oversees the DRC's legal affairs. The DRC itself could be properly named as a respondent. *See, e.g.*, *Mobley* at ¶ 32 (granting writ of mandamus ordering respondent, the DRC, to produce public records in response to a records request made to it). Based on the arguments in its brief, the DRC has not shown that the writ should be denied because Adkins named the DRC's legal department as the respondent.

{¶ 15} The DRC also argues that Adkins's November 28 request was duplicative of a previous records request he had made. Generally, public offices are not required to respond to duplicative public-records requests. *See State ex rel. Laborers Internatl. Union of N. Am., Local Union No. 500 v. Summerville*, 2009-Ohio-4090, ¶ 6. In his November 28 kite, Adkins asked to see copies of any responses the inspector's office had sent in response to his kites from August 4 through October 13, 2023. A kite is a written communication between an inmate and a prison official. Kites are public records, *Mobley* at ¶ 26, when requested by the inmate who sent or received the kite. The DRC argues that Adkins's request is essentially duplicative of a previous request Adkins made to the inspector's office on November 22 for "a copy of all [his] kites sent to [the inspector's office] from 8-28-23 to 11-2-23." The DRC initially responded to Adkins's November 22 request on November 27 and avers that it had provided these kites to Adkins on December 4. The produced kites contain the DRC's responses to Adkins's kites.

{¶ 16} However, the requests were not duplicative—Adkins's November 22 request sought kites from August 28 through November 22, while his November 28 request sought *responses* to kites from August 4 through October 10. Although the DRC provided copies of its responses to Adkins's August 28 through November 22 kites in response to his November 22 public-records request, it has not provided responses to any kites Adkins had transmitted from August 4 through August 27.

We thus order the DRC to produce any responses that the inspector's office sent to Adkins's kites from August 4 through August 27 in response to Adkins's public-records request.

{¶ 17} Adkins also requested a copy of, or to be allowed to inspect, the kite log pertaining to him for the TPU from August 4 through August 17, 2023, and a copy of, or to be allowed to inspect, the kite log pertaining to him for the inspector's office for August 4 through October 13, 2023. Adkins reiterates in his brief that he is requesting only "copies of records specifically pertaining to him." Although Adkins requests the kite logs separately from the kites themselves, it is not entirely clear from the record what exactly Adkins is requesting. Adkins cites a DRC policy requiring that kites be logged on a kite log, which may be kept electronically. Myers avers that "[k]ite Logs at Lebanon Correctional Institution are created electronically and can be sorted to a specific inmate. However, Kite-Logs for individual units such as TPU do not exist." Adkins has submitted no evidence indicating otherwise. Because a public office has no duty to produce records that do not exist, *see State ex rel. Pietrangelo v. Avon Lake*, 2016-Ohio-5725, ¶ 20, we deny relief for Adkins's request for the kite log for the TPU.

{¶ 18} Myers does not explicitly aver that a responsive kite log for the inspector's office does not exist. Rather, the DRC appears to argue that the relevant part of the kite log is included in each individual kite and essentially views Adkins's request for the inspector's office kite log as being encompassed in his requests for kites between Adkins and the inspector's office. The copies of the kites produced to Adkins contain fields logging "date/time," "user," "action," and "details." The "details" field includes the DRC's responses to the kite. We have previously described kite logs as records that "'document operations and activities of the prison—namely, the institution's communications with' [an inmate.]" *State ex rel. Barr v. Wesson*, 2023-Ohio-3028, ¶ 25, quoting *Mobley*, 2022-Ohio-1765, at ¶ 26. Here, the copies of kites contain fields fitting the description of kite logs in *Barr*,

as they document the prison's communications with Adkins. Adkins has already received the kite logs for August 28 through October 10. We order the DRC to provide Adkins with a copy of, or allow Adkins to inspect, the portions of the inspector's office's kite log that pertain to Adkins from August 4 through August 27.

### C. Statutory damages

{¶ 19} Adkins also requests an award of statutory damages. "Statutory damages shall be awarded if a requester of public records transmits a written request to a public office by hand delivery, electronic submission, or certified mail and the public office or person responsible for public records fails to comply with its obligations under R.C. 149.43(B)." *State ex rel. Atakpu v. Shuler*, 2023-Ohio-2266, ¶ 13; *accord* R.C. 149.43(C)(2). Electronic kites constitute electronic submission for purposes of R.C. 149.43(C)(2). *See State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 21.

{¶ 20} One duty of a public office under R.C. 149.43(B) is to provide copies of requested public records within a reasonable period of time. Here, Adkins requested records on November 28, 2023, and has still not received a complete response. Such a delay is not reasonable, and we award damages. Statutory damages are set at $100 per day for each business day the public office fails to comply with its obligations, starting with the day the requester files a mandamus action, with a maximum award of $1,000. R.C. 149.43(C)(2). Adkins filed this mandamus action on December 12, 2023, so we award the maximum $1,000 in statutory damages.

### III. CONCLUSION

{¶ 21} We grant a limited writ of mandamus ordering the DRC to (1) produce any responses to the inspector's office sent from August 4 through August 27 in response to Adkins's kites and (2) provide Adkins with a copy of, or allow Adkins to inspect, the portions of the inspector's office kite log that pertain to

Adkins from August 4 through August 27.  We also award Adkins $1,000 in statutory damages.  We deny his five pending motions.

Limited writ granted.

————————————

Patrick H. Adkins III, pro se.

Dave Yost, Attorney General, and Salvatore P. Messina, Assistant Attorney General, for respondent.

————————————