**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Adkins v. Cole*, Slip Opinion No. 2025-Ohio-558.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-558

THE STATE EX REL. ADKINS *v.* COLE ET AL.; MYERS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Adkins v. Cole*, Slip Opinion No. 2025-Ohio-558.]**

*Mandamus—Public-records requests—R.C. 149.43—Relator's public-records requests have been satisfied—Request for writ denied as moot—Statutory damages awarded in amount of $1,000.*

(No. 2024-0843—Submitted January 7, 2025—Decided February 25, 2025.)

IN MANDAMUS.

————————————

The per curiam opinion below was joined by FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ. KENNEDY, C.J., concurred in judgment only.

**Per Curiam.**

**{¶ 1}** Relator, Patrick Adkins, filed an original action seeking a writ of mandamus against several Ohio Department of Rehabilitation and Correction

("ODRC") employees.  He seeks a writ of mandamus ordering the employees to produce public records and an award of statutory damages.  We deny as moot Adkins's request for a writ and award Adkins $1,000 in statutory damages.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 2}** Adkins was an inmate at the Lebanon Correctional Institution from August 4, 2023, to July 24, 2024.  On July 24 he was transferred to a different institution.  Respondent, Ellen Myers, is a warden's assistant at the Lebanon Correctional Institution.  She acts as the institution's public-information officer, and her duties include responding to all public-records requests, including requests from inmates.  Two other ODRC employees, Cole and Hoover, are also referenced in the record.  Their specific roles are not clearly established in the record, but they appear to have worked in the inspector's office.

**{¶ 3}** On December 5, 2023, Adkins sent an electronic kite to Myers.  "A kite is a type of written correspondence between an inmate and prison staff." *State ex rel. Griffin v. Szoke*, 2023-Ohio-3096, ¶ 3.  In the kite, he wrote, "Please promptly allow me to inspect, and obtain a copy of the LeCI [Lebanon Correctional Institution] inmate handbook."  Myers wrote back that day, denying the request.  She wrote that the requested records were exempt from disclosure as inmate records under R.C. 5120.21(F).  She also wrote: "Inmate Handbooks are accessible by speaking with your unit.  My office will not replace your right and ability to speak with your unit staff about obtaining a handbook to inspect and review."  Adkins avers that he had previously attempted to inspect a copy of the handbook in his unit but that there was no handbook in the unit.

**{¶ 4}** In addition, on April 3, 2024, Adkins sent an electronic kite to Myers in which he requested various records.  On April 9, Adkins sent an electronic kite to the inspector's office requesting a copy of the April 3 kite he had sent to Myers.  He also asked for a copy of "this request," meaning the April 9 request.  Cole responded on April 15 and told Adkins to contact Myers.  There is no indication in

the record that Adkins requested a copy of the April 3 kite or the April 9 kite from Myers.

{¶ 5} On June 7, Adkins filed this complaint in mandamus. He requests a writ ordering production of copies of the inmate handbook, his April 3 kite, and his April 9 kite. He also requests an award of statutory damages. We granted an alternative writ, ordered "respondents" to answer, and set a schedule for the submission of evidence and briefs. 2024-Ohio-3227.

{¶ 6} As evidence, Adkins submits an affidavit in which he states that after he filed this mandamus action, Myers gave him a copy of the inmate handbook and his requested kites. However, he claims that the April 3 kite was improperly redacted. Myers does not mention the production in either her affidavit or her brief.

## II. LEGAL ANALYSIS

### A. *Who is a respondent in this case?*

{¶ 7} As an initial matter, we must determine who the respondents are in this case. Although Adkins clearly named Myers as a respondent, it is not entirely clear whether he named anyone else as a respondent. In the complaint caption he wrote, "LeCI Inspector Cole, et al. Respondents." Slightly below the caption on the cover page he listed "LeCI Inspector Hoover" and "LeCI Administrative Assistant Myers" as respondents, but he did not list Cole. In the "parties" section of the complaint, he named Myers and Cole as respondents, but he did not name Hoover. And Hoover is not even mentioned in the "facts" section of the complaint.

{¶ 8} The clerk issued a summons to Myers and Hoover but not to Cole. Myers has been served. An employee of the Lebanon Correctional Institution signed for Hoover's summons, but the institution later notified the court that Hoover's summons had been accepted in error because Hoover was no longer employed by the institution. The Attorney General filed a notice of appearance and answer on behalf of both Myers and "Interested Party State of Ohio." Hoover and Cole have not answered the complaint, nor have they filed any other documents in

this case. Adkins has not attempted to amend his complaint to clarify who the proper respondents are.

{¶ 9} "The cover page of [an original action] complaint shall contain the nature of the proceeding and the name, title, and address of the respondent." S.Ct.Prac.R. 12.02(A)(1). Because Myers is the only person who was clearly named as a respondent both on the cover page and in the body of the complaint, and because the facts section of the complaint does not mention Hoover, we treat Myers as the only respondent in this action.

*B. Adkins's motion for leave to file rebuttal evidence*

{¶ 10} Adkins timely filed a motion for leave to file rebuttal evidence in accordance with S.Ct.Prac.R. 12.06(B) and submitted as proposed evidence an affidavit, a letter from Myers, and two kites. Myers opposes the motion.

{¶ 11} "'Rebutting evidence is [evidence] given to explain, refute, or disprove new facts introduced into evidence by the adverse party; it becomes relevant only to challenge the evidence offered by the opponent, and its scope is limited by such evidence.'" (Bracketed text in original.) *State ex rel. Mobley v. Powers*, 2024-Ohio-104, ¶ 11, quoting *State v. McNeill*, 1998-Ohio-293, ¶ 44. Adkins already submitted the letter from Myers as part of his initial submission of evidence. The two kites that Adkins attached to his motion do not relate to the requests at issue in this case and do not challenge the evidence submitted by Myers. Adkins's affidavit discusses the proposed exhibits, but the remainder of the affidavit largely consists of argumentation rather than factual assertions. Because Adkins's proposed rebuttal evidence does not explain, refute, or disprove Myers's evidence, we deny his motion for leave to file rebuttal evidence.

*C. Writ of mandamus*

{¶ 12} "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1).

Mandamus is an appropriate remedy to compel compliance with the Public Records Act. R.C. 149.43(C)(1)(b). To obtain the writ, "the requester must prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide it." *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10.

{¶ 13} Adkins admits that after he filed his complaint, Myers provided him with his requested records. But he claims that the copy of the April 3 kite that Myers provided him was improperly redacted. The kite contains no physical redactions, such as blacked-out portions. But Adkins argues that the kite was redacted electronically in a way that is not visible on the paper copy of the kite. He states that kites contain fields documenting the names of the ODRC employees who access the kites and the times that they accessed them, and he says that some of these fields are not included on the kite he was provided. But the copy of the kite Adkins was provided contains fields showing names and times that ODRC employees responded to the kite and took other actions related to it, and he presents no clear and convincing evidence showing that some fields have been redacted.

{¶ 14} Because Adkins states that he has now received his requested records—other than his unsupported argument that one of the records has been redacted—we deny as moot his request for a writ. *See State ex rel. Martin v. Greene*, 2019-Ohio-1827, ¶ 7 ("In general, a public-records mandamus case becomes moot when the public office provides the requested records.").

### D. Statutory damages

{¶ 15} Adkins also requests an award of statutory damages, and that request is not moot. *See id.* at ¶ 7-8. "Statutory damages shall be awarded if a requester of public records transmits a written request to a public office by hand delivery, electronic submission, or certified mail and the public office or person responsible for public records fails to comply with its obligations under R.C. 149.43(B)." *State*

*ex rel. Atakpu v. Shuler*, 2023-Ohio-2266, ¶ 13; *accord* R.C. 149.43(C)(2). Adkins made his request by electronic kite, which constitutes electronic submission for purposes of R.C. 149.43(B), *see Sehlmeyer*, 2021-Ohio-1419, at ¶ 21.

### 1. The request for the inmate handbook

{¶ 16} On December 5, 2023, Adkins wrote an electronic kite to Myers, stating, "Please promptly allow me to inspect, and obtain a copy of the LeCI inmate handbook." Myers denied the request, stating that inmate records are exempt from public-records disclosure under R.C. 5120.21(F). She also wrote that Adkins could obtain a handbook from his unit staff to inspect and review.

{¶ 17} In this court, Myers does not defend the denial based on the R.C. 5120.21(F) exemption. Rather, she argues that she properly responded to the request when she referred Adkins to his unit staff. We reject this argument. Myers is the institution's public-information officer, and her duties include responding to inmate public-records requests. Indeed, in a different section of her brief, Myers argues that Adkins's public-records request for kites had not been properly submitted, because he sent the request to Cole and he was *required* to send the request to her. Myers cannot have it both ways. Once Adkins requested the handbook, Myers had a duty to properly respond to the request, and advising Adkins to submit the request to another staff member was not a proper response. *See State ex rel. Barr v. Wesson*, 2023-Ohio-3028, ¶ 18-19 (generally, when prison system tells an inmate to submit public-records requests to the institution's public-information officer, a request to such an officer is proper and the officer has a duty to respond to the request).

{¶ 18} Moreover, even if it were proper for Myers to direct Adkins to make his request to *inspect* the handbook to his unit staff, Adkins requested both to inspect the handbook *and* to obtain a copy of the handbook. A person may request both to inspect public records and to obtain copies of public records. *See* R.C. 149.43(B)(1); *see also State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of*

6

*Commrs.*, 2008-Ohio-6253, ¶ 37 (distinguishing between requests to inspect records and requests for copies of records). Myers states in her affidavit that clerical staff are available in Adkins's unit to provide requested copies to inmates, but she did not tell Adkins that when she responded to his request. Rather, she denied the request and told Adkins that handbooks were available to inspect and review from his unit staff. Because Myers was required to properly respond to the request and she did not provide Adkins a copy of the handbook—or even address his request for a copy of the handbook—within a reasonable time, *see* R.C. 149.43(B)(1), we award Adkins statutory damages for this request.

{¶ 19} Statutory damages are set at $100 a day for each business day the public office failed to comply with its obligations under R.C. 149.43(B), starting with the day the requester filed the mandamus action, with a maximum award of $1,000. R.C. 149.43(C)(2). Adkins filed this mandamus action on June 7. He avers that he received the handbook on June 25, and Myers provides no evidence showing otherwise. We thus award Adkins the maximum in statutory damages—$1,000.

### 2. *The request for the April 3 and April 9 kites*

{¶ 20} On April 9, Adkins sent a kite to the inspector's office requesting a copy of a kite he sent on April 3 as well as a copy of the April 9 kite itself. Cole responded that Adkins should contact Myers, the "public records officer." There is no evidence in the record that Adkins requested the kites from Myers or that Myers was otherwise aware of the request.

{¶ 21} Adkins argues that Cole and ODRC failed to comply with R.C. 149.43(B) when they failed to provide him with the kites he requested. But even if Cole did fail to comply with a duty under R.C. 149.43(B), Adkins has not named Cole as a respondent in this action. Nor has Adkins named ODRC. *See State ex rel. Adkins v. Dept. of Rehab. & Corr. Legal Dept.*, 2024-Ohio-5154, ¶ 14 (ODRC may properly be named a respondent in mandamus action involving a public-

7

records request that an inmate made to an ODRC employee). The only respondent in this case is Myers.

{¶ 22} To be entitled to an award of statutory damages, Adkins must show that he delivered a public-records request to a "public office or person responsible for the requested public records" and that the public office or person responsible for the public records failed to comply with a duty under R.C. 149.43(B). R.C. 149.43(C)(2). Adkins has not shown that he delivered a request for the kites to Myers—the only named respondent in this action—or that Myers was even aware of the request. Because Adkins has not made this threshold showing, we deny his request for an award of statutory damages related to his request for copies of his April 3 and April 9 kites.

## III. CONCLUSION

{¶ 23} Because Adkins has received the records he requested, we deny as moot his request for a writ of mandamus. However, we award him $1,000 in statutory damages. We deny his motion for leave to file rebuttal evidence.

Writ denied as moot.

--------------------

Patrick H. Adkins III, pro se.

Dave Yost, Attorney General, and Andrew Gatti, Assistant Attorney General, for respondent.

--------------------